IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 06-cv-1593-PSF-CBS

SUZANNE WEINSTOCK,

Plaintiff,

vs.

CITY OF ASPEN, COLORADO;
GLENN SCHAFFER, in his individual and official capacity;
JOHN RUSHING, in his individual and official capacity;
ERIC ROSS, in his individual and official capacity;
JAMES IAN MACAYEAL, in his individual and official capacity; and
LEON MURRAY, in his individual and official capacity;

Defendants.

---

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO Fed.R.Civ.P. 60(b)(5)**

---

Plaintiff, by and through her counsel, Marcel Krzystek of KILLMER, LANE, & NEWMAN, LLP, hereby responds to *Defendants' Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(5)* as follows:

1. Defendants' motion seeking "relief" from the judgment and an acknowledgement "that the judgment has been fully satisfied and is no longer of any force or effect" is an improper attempt to invoke Fed.R.Civ.P. 60(b)(5) and subverts the intent of the parties.

2. As a preliminary matter, Rule 60(b), as its descriptor states, is intended to provide a vehicle for relief from judgments in cases of "Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc." No such thing is applicable here; Defendants made a straight-forward offer of judgment which Plaintiff accepted.

3. Rule 60(b)(5) is not to be invoked simply because a judgment has been paid.

Defendants cite no case supporting their Motion. Each case uncovered by Plaintiff in which Rule 60(b)(5) was invoked involved some type of dispute regarding whether or not the judgment had been satisfied. *See, e.g., Wilson Foods Corp. v. United Food and Commercial Workers Int'l Union*, 1987 U.S. Dist. LEXIS 15963 (D. Colo. 1987) (relief under Rule 60(b)(5) sought after dispute arose concerning whether judgment had been satisfied when defendant withheld ordinary employment withholdings) (attached as Exhibit 1); *Taylor v. Chevrolet Motor Div.*, 1998 U.S. Dist. LEXIS 8071 (E. D. Penn. 1998) (relief under Rule 60(b)(5) sought after defendant alleged that terms of offer of judgment were ambiguous) (attached as Exhibit 2).

4. Relief under Rule 60(b)(5) may also be proper where a judgment entered against a defendant has, in effect, been partially satisfied from an independent source. *See, e.g., Sunderland v. City of Philadelphia*, 575 F.2d 1089 (3rd Cir. 1978); *Kassman v. American University*, 546 F.2d 1029 (D.C. Cir. 1976); *Snowden v. D.C. Transit System, Inc.*, 454 F.2d 1047 (D.C. Cir. 1971). Such precedent is inapplicable here.

5. In short, Plaintiff could uncover no case in which relief under Rule 60(b)(5) was granted simply because a defendant hoped to "erase" an otherwise valid judgment from judicial records.

6. In fact, granting the relief requested would subvert the intent of the parties and unfairly provide a windfall to Defendants. During settlement negotiations in this case, Defendants offered more funds to Plaintiff if she agreed to a settlement with no admission of liability. Plaintiff expressly rejected that offer, and instead filed the acceptance of offer of judgment and accepted less money. Stated simply, Plaintiff accepted less money from Defendants because of the importance to her of securing a civil judgment in her favor and against

Defendants. Defendants now seek the benefit of both worlds, as they will have resolved this case at a discount and now seek to undo the one thing they offered as consideration – a civil judgment.

7. Finally, the motion should be denied as moot, as "a case or controversy is mooted in the Art. III sense upon payment and satisfaction of a final, unappealable judgment . . ." *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980). This case has been administratively closed, and the time for appeal (assuming any appeal could have been sought) has now lapsed. The judgment, having been satisfied by Defendants, has rendered this case moot for Article III purposes.

WHEREFORE, for all of the above and foregoing reasons, Plaintiff respectfully requests that *Defendants' Motion for Relief from Judgment Pursuant to Fed.R.Civ.P. 60(b)(5)* be denied.

Respectfully submitted this 19th day of January, 2007.

KILLMER, LANE, & NEWMAN, LLP

s/ Marcel Krzystek

Marcel Krzystek
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
mkrzystek@killmerlane.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

- **Marc F. Colin**
mcolin@bcjlpc.com,psundberg@bcjlpc.com

- **Andrew Joseph Fisher**
afisher@nbdmlaw.com,tklonaris@nbdmlaw.com,ggradecki@nbdmlaw.com

KILLMER, LANE & NEWMAN LLP

s/ Marcel Krzystek

Marcel Krzystek
1543 Champa St., Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 – FAX
mkrzystek@killmerlane.com