IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01593-PSF-CBS

SUZANNE WEINSTOCK,

    Plaintiff,

v.

CITY OF ASPEN, COLORADO;
GLENN SCHAFFER, in his individual and official capacity;
JOHN RUSHING, in his individual and official capacity;
ERIC ROSS, in his individual and official capacity;
JAMES IAN MACAYEAL, in his individual and official capacity; and
LEON MURRAY, in his individual and official capacity;

    Defendants.

## ORDER ON PLAINTIFF'S MOTIONS FOR "REOPENING OF CASE"

This matter comes before the Court on Plaintiff's *pro se* motions filed June 5, 2007, one captioned "Motion for Reopening Case For Relief of Providing Plaintiff With Agreed and Promised Settlement" (Dkt. # 18) and one captioned "Motion for Reopening Case For Relief of Providing Plaintiff With Proof of Monetary Transactions Between Counsels For this Case" (Dkt. # 19). For the reasons set forth below both motions are DENIED.

The record in this case reflects that on October 18, 2006, Defendants made an Offer of Judgment which plaintiff accepted on or about November 1, 2006 according to Plaintiff's Acceptance of Offer of Judgment filed on November 1, 2006 (Dkt. # 10). The terms of the defendants' offer of judgment provided for the entry of judgment against

them in the amount of $10,000, exclusive of attorneys' fees and costs, and provided that costs and attorneys' fees would be set "by stipulation of the parties or by order of the Court." (Attachment 1 to Dkt. # 10 at 1). On December 26, 2006, plaintiff filed a satisfaction of judgment stating that she acknowledged "full satisfaction of the judgment" and "full satisfaction by Defendants of all attorneys fees and costs incurred." (Dkt. # 12 at 1).

On January 4, 2007, the defendants filed a motion for relief from judgment, which plaintiff opposed in her filing of January 19, 2007. In her opposition to the motion for relief from judgment, plaintiff stated that:

> During settlement negotiations in this case, Defendants offered more funds to Plaintiff if she agreed to a settlement with no admission of liability. Plaintiff expressly rejected that offer, and instead filed the acceptance of offer of judgment and accepted less money. Stated simply, Plaintiff accepted less money from Defendants because of the importance to her of securing a civil judgment in her favor and against Defendants. Defendants now seek the benefit of both worlds, as they will have resolved this case at a discount and now seek to undo the one thing they offered as consideration – a civil judgment.

Dkt. # 15 at 2-3. Plaintiff did not state that she had any objection to the offer of judgment, the acceptance of that judgment, or to the consideration received. The Court denied defendants' motion for relief from judgment (Dkt. # 17).

In her current *pro se* motions, plaintiff appears to claim that did not receive several enumerated items she demanded by way of settlement (Dkt. # 18 at 2). However, neither the offer of judgment that plaintiff accepted nor the satisfaction of judgment that she filed, indicate in any way that there were unresolved items left to be settled. Accordingly, there is no reason to reopen this case.

The documents filed *pro se* by plaintiff indicate that she did not provide defendants with a release in connection with the settlement.  If plaintiff has other claims against the defendants, she may bring them in a separate lawsuit, but this matter has been terminated by plaintiff's filed acceptance of the offer of judgment.

Furthermore, although plaintiff asserts that her counsel has "abandoned" her, she is still represented by counsel of record.  A party represented by counsel may not file *pro se* pleadings.  *See* D.C.COLO.LCIVR 11.1A.

Accordingly, Plaintiff's Motions (Dkt. ## 18 and 19) are DENIED.

DATED: June 22, 2007

BY THE COURT:

*s/ Phillip S. Figa*
_____
Phillip S. Figa
United States District Judge